IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:16-CV-230-FL

| | |
|---|---|
| ROBERT ALVIN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND RECOMMENDATION** |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Robert Alvin Williams ("plaintiff" or, in context, "claimant") challenges the final decision of defendant Acting Commissioner of Social Security Nancy A. Berryhill ("Commissioner") denying his applications for child's insurance benefits ("CIB"), based on his being 18 years of age or older and having a disability that began before age 22, and Supplemental Security Income ("SSI") on the grounds that he is not disabled. The case is before the court on the parties' motions for judgment on the pleadings. D.E. 19, 20. Both filed memoranda in support of their respective motions. D.E. 19-1, 21. The motions were referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* 3 May 2017 Text Ord. For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

I.     BACKGROUND

    A.     Case History

Plaintiff protectively filed applications for CIB and SSI on 26 September 2013, alleging in both the onset of disability on 26 August 1988. Transcript of Proceedings ("Tr.") 18. The applications were denied initially and upon reconsideration, and a request for a hearing was timely filed. Tr. 18. On 23 March 2016, a hearing was held before an administrative law judge ("ALJ"), at which plaintiff, represented by counsel, and a vocational expert testified. Tr. 38-63. At the hearing, the claimant amended his alleged onset date to 26 February 2006, his eighteenth birthday. Tr. 41, 235. The ALJ issued a decision denying plaintiff's claims on 9 May 2016. Tr. 18-34. Plaintiff timely requested review by the Appeals Council (Tr. 14), but on 22 June 2016, it denied the request (Tr. 1). At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. On 18 August 2016, plaintiff commenced this proceeding for judicial review of the ALJ's decision, pursuant to 42 U.S.C. §§ 405(g) (CIB) and 1383(c)(3) (SSI). *See* Mot. to Proceed *In Forma Pauperis* ("IFP Mot.") (D.E. 1); Am. IFP Mot. (D.E. 6); Ord. Allowing Am. IFP Mot. (D.E. 7); Compl. (D.E. 8).

    B.     Standards for Disability

The Social Security Act ("Act") defines disability for purposes of CIB based on disability before age 22 and SSI as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 402(d)(1)(B)(ii),[1] 423(d)(1)(A), 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only

---

[1] *See also* 20 C.F.R. § 404.350(a)(5).

unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); *see id.* § 1382c(a)(3)(B). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The disability regulations under the Act ("Regulations")[2] provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled for purposes of both CIB based on disability before age 22 and SSI. *See* 20 C.F.R. §§ 404.1520(a)(2) (applying five-step analysis to claims for CIB based on disability); 404.1520(a)(4) (setting out steps in five-step analysis); 416.920(a)(4) (setting out same five-step analysis for SSI claims); *Horton v. Colvin*, Civ. Act. No. 2:15-cv-01548-RBH, 2016 WL 4761600, at *4 (D.S.C. 13 Sept. 2016). The five-step analysis is as follows:

> To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the [R]egulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the [R]egulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.
>
> The first four steps create a series of hurdles for claimants to meet. If the ALJ finds that the claimant has been working (step one) or that the claimant's medical impairments do not meet the severity and duration requirements of the [R]egulations (step two), the process ends with a finding of "not disabled." At step three, the ALJ either finds that the claimant is disabled because his impairments match a listed impairment [*i.e.*, a listing in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings")] or continues the analysis. The ALJ cannot deny benefits at this step.

---

[2] The version of each of the Regulations cited herein is the version in effect on the date of issuance of the ALJ's decision.

> If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ["RFC"], which is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work. [20 C.F.R.] § 416.945(a)(1).[3] To make this assessment, the ALJ must "consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," including those not labeled severe at step two. *Id.* § 416.945(a)(2).[4]
>
> The ALJ then moves on to step four, where the ALJ can find the claimant not disabled because [he] is able to perform [his] past work. Or, if the exertion required for the claimant's past work exceeds [his] [RFC], the ALJ goes on to step five.
>
> At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that "exists in significant numbers in the national economy," considering the claimant's [RFC], age, education, and work experience. *Id.* §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429.[5] The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations. If the Commissioner meets her burden, the ALJ finds the claimant not disabled and denies the application for benefits.

*Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015).

### C. ALJ's Findings

Plaintiff was 18 years old on the amended alleged onset date of disability and 28 years old on the date of the hearing. Tr. 32 ¶ 7; 44. The ALJ found that plaintiff has a limited education (Tr. 33 ¶ 8) and no past relevant work (Tr. 32 ¶ 6).

The ALJ found that plaintiff had not attained the age of 22 as of 26 February 2006, the amended alleged disability onset date. (Tr. 21 ¶ 1). Applying the five-step analysis of 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ then found at step one that plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 21 ¶ 2. At step

---

[3] *See also* 20 C.F.R. § 404.1545(a)(1).

[4] *See also* 20 C.F.R. § 404.1545(a)(2).

[5] *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c)(2), 404.929.

two, the ALJ found that plaintiff has the following medically determinable impairment that is severe within the meaning of the Regulations: borderline intellectual functioning. Tr. 21 ¶ 3. At step three, the ALJ found that, prior to attaining the age of 22 and through the date of her decision, plaintiff did not have an impairment or combination of impairments that meets or medically equals any of the Listings. Tr. 25 ¶ 4.

The ALJ next determined that plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, prior to attaining age 22, the claimant had the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant can perform work consisting of simple, routine, repetitive tasks in a low stress environment, described as one having no more than occasional decision making and changes in the work setting, with a low production environment (i.e. no assembly line work). He can have occasional interaction with supervisors, co-workers, and the public.

Tr. 29 ¶ 5.

The ALJ found at step four that plaintiff had no past relevant work. Tr. 32 ¶ 6. At step five, citing the testimony of the vocational expert, the ALJ found that prior to plaintiff's attaining the age of 22, there were jobs in the national economy existing in significant numbers that he could perform, including jobs in the occupations of merchandise marker, housekeeper, and kitchen helper. Tr. 33-34 ¶ 10. The ALJ concluded that plaintiff was not disabled at any time prior to the date he attained the age of 22, 26 February 2010,[6] through the date of her decision, 9 May 2016. Tr. 34 ¶ 11.

## II. STANDARD OF REVIEW

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by

---

[6] The ALJ misstates this date as 25, rather than 26, February 2010. Tr. 34 ¶ 11. The error is clearly clerical in nature and not material. Elsewhere, the ALJ accurately notes plaintiff's date of birth and birthday of 26 February. Tr. 18 (ALJ's recitation of plaintiff's 18th birthday as falling on 26 February); 32 ¶ 7 (ALJ's recitation of plaintiff's date of birth); 44 (plaintiff's testimony as to his date of birth).

substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Id*.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### III. OVERVIEW OF PLAINTIFF'S CONTENTIONS

Plaintiff contends that the ALJ's decision should be reversed and benefits awarded, or in the alternative, that the case should be remanded for rehearing on the principal grounds that the ALJ erred in: (1) evaluating the medical opinions of consultative examining psychologist Jerome B. Albert, Ph.D.; (2) assessing plaintiff's limitations in concentration, persistence, and pace; (3) evaluating a vocation profile on plaintiff; (4) assessing plaintiff's RFC; and (5) failing to consider a closed period disability. The contentions raised by plaintiff implicate a basic flaw in the ALJ's RFC determination, hypothetical to the vocational expert, and step-five determination—namely, her failure to address the appropriate period of alleged disability. Because the court finds this flaw to be dispositive of this appeal, the court's analysis will focus on it as manifested in the specified areas of the ALJ's decision. Given the court's focus on this flaw, it need not and does not address instances in which the ALJ's analysis relied on the appropriate period of alleged disability.

### IV. ALJ'S RFC DETERMINATION

#### A. Applicable Legal Principles

As noted, a claimant's RFC is the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.645(a)(1). The assessment of a claimant's RFC must be based on all the relevant medical and other evidence in the record. *Id.* §§ 404.1545(a)(3), 416.645(a)(3). An ALJ's decision must state his RFC determination and provide the supporting rationale for it. *See Mascio*, 780 F.3d at 636.

In determining a claimant's RFC, Social Security Ruling 96-8p, 1996 WL 374184 (2 July 1996) requires the ALJ to perform a function-by-function analysis. The ruling states that the "RFC assessment must . . . assess [the individual's] work-related abilities on a function-by-

function basis." *Id.*, 1996 WL 374184, at *1. However, the Fourth Circuit has declined to adopt a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis. *Mascio*, 780 F.3d at 636. Rather, "'remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). The function-by-function requirement can be satisfied by reference to a properly conducted analysis by a state agency consultant. *See*, *e.g.*, *Linares v. Colvin*, No. 5:14-CV-00129, 2015 WL 4389533, at *3 (W.D.N.C. 17 July 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96–8p." (citing *Lemken v. Astrue*, No. 5:07–CV– 33–RLV–DCK, 2010 WL 5057130, at *8 (W.D.N.C. 26 July 2010))).

**B.     Analysis**

As noted, plaintiff alleges disability beginning on his eighteenth birthday, 26 February 2006. To qualify for CIB, he must demonstrate disability on or after that date but prior to 26 February 2010, when he attained the age of 22. 20 C.F.R. § 404.350(a)(5). If he were to make that showing, he would remain entitled to CIB until his disability ended, absent an applicable exception. *Id.* § 404.352(b)(2). Thus, the period covered by plaintiff's CIB claim potentially extends from 26 February 2006 to the date of the ALJ's decision, 9 May 2016. Notwithstanding this fact, the ALJ appears to focus on the period prior to plaintiff's attainment of age 22 for purposes of plaintiff's CIB claim because the absence of a disability in this period would moot

the presence of a disability later for CIB purposes.  *See* Tr. 34 ¶ 11 (finding that as to plaintiff's CIB claim he was not disabled prior to attaining age 22).[7]

The period covered by plaintiff's SSI claim is from plaintiff's amended alleged disability onset date, again, 26 February 2006, to the date of the ALJ's decision, again, 9 May 2016.  *See*, *e.g.*, 20 C.F.R. § 416.1331(a).  This is so although, as the ALJ notes, SSI is not payable until the month following the month in which the application for SSI was filed.  Tr. 19 (citing 20 C.F.R. § 416.335).  As the ALJ also notes, the claimant's entire medical history must be considered notwithstanding the limitation on payability of SSI.  Tr. 19 (citing 20 C.F.R. § 416.912(d)).

Given the period covered by plaintiff's SSI claim, the ALJ's RFC determination is, on its face, incomplete.  By its express terms, it is limited to the period before plaintiff attained the age of 22.  The ALJ states:

> After careful consideration of the entire record, the undersigned finds that, *prior to attaining age 22*, the claimant had the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations. . . .

Tr. 29 ¶ 5 (emphasis added).  The RFC determination is silent as to plaintiff's RFC subsequent to age 22.  The fact that the ALJ discussed evidence relating to plaintiff after his twenty-second birthday is no substitute for an RFC determination encompassing that period.  The failure of the RFC determination to cover the entire amended alleged period of disability is clear error as to plaintiff's SSI claim that is not harmless.  It leaves unaddressed a material aspect of evaluation of plaintiff's SSI claim.

Moreover, the incompleteness of the RFC determination itself at least suggests, if it does not outright demonstrate, that the ALJ failed to perform the requisite underlying function-by-function analysis of plaintiff's capabilities after age 22.  The ALJ's discussion of evidence relating to plaintiff after he became 22 does not otherwise establish that she performed the

---
[7] The court expresses no opinion on the propriety of the ALJ's proceeding in this manner.

requisite function-by-function analysis. This is an additional, harmful error with respect to plaintiff's SSI claim.

The ALJ's findings at other steps of her analysis expressly cover the entire period at issue and therefore implicitly acknowledge the incompleteness of the period covered by her RFC determination as to plaintiff's SSI claim. For example, the ALJ begins her findings at steps two and three with the specification, "Prior to attaining age 22, *and through the date of this decision*." Tr. 21 ¶ 3 (emphasis added); 25 ¶ 4 (same). As discussed further below, the ALJ uses similar language in her ultimate determination on disability. Tr. 34 ¶ 11.

The fact that the ALJ did at times accurately specify the appropriate period at issue substantiates that she was aware of it and could specify it correctly. The court therefore declines to dismiss her failure to specify the appropriate period elsewhere and on multiple occasions as mere inadvertent, clerical errors. Even if they were deemed clerical in nature, they are not harmless for the reasons stated. *Cf. Scott v. Astrue*, Civil No. 5:11cv00129, 2013 WL 1197098, at *6 (W.D. Va. 5 Mar. 2013) (concluding remand was not necessary where the "clerical error neither affect[ed] the substance of the ALJ's decision nor prejudice[d] either party"), *rep. & recomm. adopted*, 2013 WL 1196663 (25 Mar. 2013).

The court concludes that the errors regarding the ALJ's RFC determination as to plaintiff's SSI claim require remand. Moreover, as discussed below, these errors taint other aspects of the ALJ's decision.

V.  **ALJ'S HYPOTHETICAL TO THE VOCATIONAL EXPERT AND STEP-FIVE DETERMINATION**

    A.  **Applicable Legal Principles**

To be helpful, a vocational expert's opinion must be "in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." *Walker v. Bowen*, 889 F.2d 47,

50 (4th Cir. 1989). A hypothetical question is proper if it adequately reflects a claimant's RFC for which the ALJ had sufficient evidence. *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005); *Baker v. Astrue*, No. SAG-10-145, 2012 WL 12751, at *4 (D. Md. 3 Jan. 2012) (rejecting plaintiff's objections to the ALJ's hypothetical to the vocational expert where "the hypothetical presented to the [vocational expert] was supported by substantial evidence and adequately included all the limitations that were deemed credible by the ALJ"). Testimony by a vocational expert based on an incomplete hypothetical may not constitute substantial evidence supporting the ALJ's step-five determination. *See Lyles v. Colvin*, Civ. Act. No. 1:14-2042-RMG, 2015 WL 1931398, at *15 (D.S.C. 7 Apr. 2015) (citing *Swaim v. Califano*, 599 F.2d 1309, 1312 (4th Cir. 1979), *rep. & recomm. adopted*, 2015 WL 1931398, at *1 (28 Apr. 2015).

### B. Analysis

At step five of the sequential analysis, the ALJ made the same mistake regarding the period covered by plaintiff's SSI claim as she did with respect to her RFC determination. Her step-five determination that jobs were available to plaintiff addresses only the period before he reached age 22. The ALJ's determination reads:

> *Prior to attaining age 22*, considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

Tr. 33 ¶ 10 (emphasis added); *see also* Tr. 33-34 ¶ 10 (ALJ's repetition of her step-five determination with the specification "prior to attaining age 22"). The ALJ does not address the availability of jobs to plaintiff after the age of 22. As with the RFC determination, the incompleteness of the ALJ's step-five determination with respect to plaintiff's SSI claim is clear, harmful error. It leaves unaddressed a material aspect of evaluation of plaintiff's SSI claim.

Moreover, the ALJ based her step-five determination on testimony she elicited from the vocational expert using a hypothetical based on plaintiff's age at the time of the hearing, 28. Tr. 44 (plaintiff's testimony that he was 28); 59 (ALJ's hypothetical to the vocational expert); 60 (vocational expert's testimony regarding jobs available to plaintiff, matching jobs the ALJ found available (Tr. 33 ¶ 10)). The ALJ's hypothetical was in relevant part: "I have a hypothetical question. Please assume an individual of Claimant's age, education, and past relevant work, who can work at all exertion levels." Tr. 59. The ALJ herself states that the vocational expert "was asked whether jobs exist in the national economy for a hypothetical individual with the claimant's age . . . ." Tr. 33 ¶ 10. The ALJ therefore concluded that several jobs were available to plaintiff before he attained the age of 22 based on testimony about jobs available to him when he was 28. Given this discrepancy, the vocational expert's testimony does not constitute substantial evidence supporting the ALJ's step-five determination as to both plaintiff's CIB and SSI claims. The court cannot say that the determination is otherwise supported by substantial evidence.

Furthermore, by her reliance on the vocational expert's testimony, the ALJ failed to build "'an accurate and logical bridge from the evidence to [the] conclusion'" she reached in her step-five determination as to both the CIB and SSI claims. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). This deficiency precludes the court from conducting a meaningful substantial-evidence review of the ALJ's decision with respect to both of plaintiff's claims. *Id.* at 190-91.

In addition, the RFC the ALJ included in her hypothetical was the same RFC she found plaintiff to have prior to attaining the age of 22. *Compare* Tr. 29 ¶ 5 (ALJ's RFC determination in her decision) *with* Tr. 59 (ALJ's hypothetical to the vocational expert). The vocational

expert's testimony as to jobs available to the hypothetical person when he was 28 is therefore based on the RFC plaintiff had prior to his attaining age 22. On this additional ground, the vocational expert's testimony does not provide substantial evidence supporting the ALJ's step-five determination as to both plaintiff's CIB and SSI claims. The ALJ's reliance on her flawed RFC determination is, as well, another instance in which she failed to build an accurate and logical bridge from the evidence to the conclusion reached precluding meaningful substantial-evidence review of her decision with respect to both of plaintiff's claims.

Lastly, as noted, the ALJ's ultimate determination of nondisability applies to both the period prior to plaintiff's attaining the age of 22 and the period thereafter through the date of the ALJ's decision. Tr. 34 ¶ 11. The ALJ stated: "The claimant has not been under a disability, as defined in the [Act], at any time prior to February 2[6], 2010, the date he attained the age 22, and through the date of this decision," when plaintiff was 28. Tr. 34 ¶ 11. Yet this determination is based on an RFC determination and step-five determination relating solely to the period prior to plaintiff attaining the age of 22. There accordingly is again lacking a logical and accurate bridge from the evidence to the conclusion reached by the ALJ as to plaintiff's SSI claim. Further, given the absence of substantial evidence supporting the ALJ's step-five determination, her ultimate ruling on disability grounded on that step-five determination also lacks the support of substantial evidence.

Because of this and the other errors discussed relating to the ALJ's hypothetical to the vocational expert and step-five determination, remand of this case for further proceedings is required. In light of the recommended disposition of this appeal based on these errors and the other errors arising from the ALJ's use of an inappropriate period of alleged disability in her analysis, the court declines to address the other grounds for relief advanced by plaintiff.

## VI. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 19) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 20) for judgment on the pleadings be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) for further proceedings consistent with this Memorandum and Recommendation.

In making this ruling, the court expresses no opinion on the weight that should be accorded any piece of evidence or the outcome of this case. These are matters that are for the Commissioner to resolve.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 28 August 2017 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure**

**to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after filing of the objections.

This 14th day of August 2017.

_____
James E. Gates
United States Magistrate Judge